**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2656

UNITED STATES OF AMERICA

v.

RODNEY STEFEK,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00436-001)
District Judge: Hon. Gustave Diamond

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2010

BEFORE: FISHER, HARDIMAN and COWEN, Circuit Judges

(Filed: May 19, 2010)

OPINION

COWEN, Circuit Judge

    Rodney Stefek appeals the judgment of the District Court sentencing him to a

151-month term of imprisonment.  Stefek contends that his sentence is procedurally and

substantively unreasonable.  We will affirm.

## I.    BACKGROUND

Stefek was indicted for one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  At a combined plea and sentencing hearing, he pleaded guilty to the sole count of the indictment.

The pre-sentence investigation report ("PSR") was prepared in advance of the combined hearing.  The PSR indicated that Stefek qualified to be sentenced as a "career offender" pursuant to United States Sentencing Guideline ("U.S.S.G.") § 4B1.1(a).[1]  In support of this designation, the PSR listed two prior crimes of violence.  The first was a 1990 Ohio state conviction for aggravated assault with firearm specification.  He received a term of imprisonment of eighteen months plus an additional consecutive term of three years for the firearm specification.  He was released on August 2, 1994.  The second was a 2001 Ohio state conviction for robbery.  The designation as a career offender increased Stefek's base offense level from 21 to 29 and increased his criminal

---

[1] The 2008 version of the career offender provision, under which Stefek was sentenced, states that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  It is the District Court's determination regarding the third factor that is at issue on appeal.

history category from V to VI.  These increases resulted in a guidelines sentencing range of 151 to 188 months of imprisonment.  Had he not been designated as a career offender, he would have faced a guidelines sentencing range of 70 to 97 months of imprisonment.

Stefek objected to the PSR challenging inclusion of the 1990 conviction on the ground that the Ohio state court incorrectly sentenced him to consecutive sentences, and had the court not erred, this sentence would fall outside the fifteen-year statute of limitations[2] for the career offender provision.  Stefek contended that a sentence that was unlawfully imposed could not serve as the basis of his designation as a career offender.  Prior to sentencing, the District Court issued a Memorandum Order and Tentative Findings and Rulings concluding that Stefek's base offense level was 29 and his criminal history category was VI.  Additionally, the District Court issued an Addendum to Tentative Findings and Rulings which rejected Stefek's challenge to the PSR on the ground that he could not collaterally attack his 1990 state court sentence during federal sentencing proceedings.

At sentencing, Stefek began by arguing that the District Court could, in its discretion, vary downward from the guidelines sentence by disregarding the career offender designation.  The District Court explained that it had ruled on that issue in its

_____

[2]  A sentencing court may not consider sentences served for prior crimes of violence that fall outside the fifteen-year statute of limitations.  *See* U.S.S.G. § 4A1.2(e)(1) ("[C]ount any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.").

3

Addendum and the District Court then adopted the findings of the Memorandum Order

and Addendum. Stefek again argued that it would be unfair and unreasonable to increase

his sentence based on the 1990 conviction. The District Court highlighted Stefek's

history of continuous violations from age thirteen to the time of his bank robbery arrest,

noting that violence was involved in several instances. The District Court then explained

that:

> [W]hether or not we have some formal designation of that as
> career criminal or we don't have a formal designation of it, as
> a matter of substance the fact of the matter is that it appears to
> the Court that this Defendant is a confirmed recidivist and
> that whenever he is out among the public he commits crimes.
> The [PSR] indicates that. So that's what you should be
> addressing.

(A. 84.)

To further emphasize the issue for defense counsel, the District Court explained:

> Forget about the guidelines for a moment. Let's talk about - -
> let's pretend that the guidelines don't exist and what we have
> here today before - - standing before the Court is an
> individual whose latest crime was a crime of - - a serious
> crime of violence, to wit, bank robbery, and which follows a
> history of criminal activity dating from age 13.
>
> You have the [PSR] in front of you and there have been few
> cases that have come before this Court in the course of 30
> years I have been on the bench where a Defendant has had a
> less consistent pattern of criminal activity, which seems to
> indicate conclusively that the Defendant is a recidivist and,
> therefore, that the Court in determining an appropriate
> sentence under 3553(a) of Title 18 should consider as the
> most significant factor the need of the sentence to protect the
> public, to incapacitate the Defendant from his criminal

4

> activity and preying on the public. That's what I view to be this situation.
>
> Now, you convince me that that is wrong and not that we're dealing with some unrealistic artificial designation by the framers of the guidelines.

(A. 85-86.)

Stefek argued that all of his prior convictions except for the two that qualify him for career offender status were thefts and that if given the lower sentence, he would be fifty years old when released, at which point, it is believed that recidivism greatly decreases. The gist of his argument was that excluding the 1990 conviction, all that he has is a history of crimes of theft, and no matter how extensive, a criminal history of that nature should not merit the enhancement that the PSR suggests. The District Court rejected Stefek's arguments, indicating that it was not moved to modify its Memorandum Order or Addendum. (A. 98.) The District Court discussed Stefek's lengthy criminal history and indicated that he "does show a propensity to commit violent crimes." (A. 99.) The District Court sentenced him to a 151-month term of imprisonment, the low end of the advisory guidelines range.

## II.  STANDARD OF REVIEW

This Court reviews the procedural and substantive reasonableness of a district court's sentence for abuse of discretion. *See United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008). We review a sentence for substantive reasonableness to determine "whether the final sentence, wherever it may lie within the permissible statutory range,

was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006). "If there are no procedural errors, our substantive review is highly deferential and we will affirm 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" *United States v. King*, - - - F.3d - - -, 2010 WL 1729733, *15 (3d Cir. 2010) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)).

## III. DISCUSSION

After *United States v. Booker*, 543 U.S. 220 (2005), district courts adhere to a three-step process when sentencing defendants. First, they must "calculate a defendant's Guidelines sentence precisely as they would have before *Booker*." *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (citing *United States v. King*, 454 F.3d 187, 196 (3d Cir. 2006)). Second, they must "formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and tak[e] into account [our] Circuit's pre-*Booker* case law, which continues to have advisory force." *Id.* "Finally, they are required to 'exercise [] [their] discretion by considering the relevant [§ 3553(a) factors'] in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines." *Id.* (internal citations omitted).

Stefek contends that his sentence is procedurally unreasonable because the District

6

Court erred in calculating the advisory guidelines range by including the 1990 conviction in designating him as a career offender. Stefek concedes that the sentence imposed for his 1990 conviction expired on August 2, 1994, which was within the statute of limitations; however, Stefek contends that the sentence was unlawfully imposed and had the Ohio state court followed the law, his sentence would have expired outside the statute of limitations and would not have been included in the career offender calculation, which would have resulted in him not being designated a career offender.

This contention lacks merit. The District Court rejected Stefek's variance argument in the Addendum in detail, correctly explaining that defendants cannot collaterally attack state court sentences in federal sentencing proceedings. *See United States v. Galvan*, 453 F.3d 738, 741 (6th Cir. 2006) ("Even if Galvan's interpretation of [state sentencing law] is correct, however, the district court at sentencing need not collaterally review Galvan's prior sentences."); *United States v. Saya*, 247 F.3d 929, 940 (9th Cir. 2001) (rejecting defendant's challenge to a prior state sentence and affirming the District Court's designation of defendant as a career offender); *see also* U.S.S.G. § 4A1.2, cmt. n.6 ("With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond and such rights otherwise recognized in law . . . .").

Stefek also asserts that his sentence is procedurally unreasonable because the District Court ignored his argument for a downward variance and failed to address why it

rejected that argument. Contrary to this assertion, the District Court adequately addressed the variance argument during sentencing. The District Court explained that it had already ruled on the variance argument based solely on the 1990 conviction. The District Court instructed Stefek to address the totality of his criminal history and how that should affect his sentence, rather than focusing solely on the 1990 conviction. Stefek modified his argument slightly, but the primary focus remained on the 1990 conviction. In rejecting his variance argument, the District Court explained that Stefek failed to persuade it to modify its Memorandum Order and Addendum (A. 98) and that Stefek failed to negate the effects of his thirty-year criminal history, which shows "a propensity to commit violent crimes" (A. 99). The District Court referred to the PSR, which set forth Stefek's extensive criminal history, spanning nearly thirty years.

Finally, Stefek contends that his sentence is substantively unreasonable as the District Court ignored certain factors it is required to consider under § 3553(a) and improperly attached greater weight to certain other factors. In particular, Stefek asserts that the District Court improperly gave greater weight to concerns of recidivism, deterrence, and protection of the public (§ 3553(a)(2)(B), (C)), while ignoring the need to avoid unwanted sentencing disparities among similarly situated defendants (§ 3553(a)(6)).

This contention, too, lacks merit. The District Court imposed a sentence at the low end of the advisory guidelines, which is reasonable, given the circumstances of this

case. For the past thirty years, when not incarcerated, Stefek rarely went more than a few months without committing a crime. The PSR indicates that in addition to the two crimes of violence upon which the career offender designation was based, Stefek was convicted of other crimes in which threats, violence, or the use of weapons were alleged. It was not unreasonable to sentence Stefek as a career offender.

The District Court did not err in directing counsel to address recidivism, which likely was the most troubling factor in determining the appropriate sentence. The District Court stated that Stefek's criminal record was one of the most extensive that it had encountered in thirty years on the bench and reasonably asked counsel to address its concerns regarding recidivism, deterrence, and public safety. Moreover, the District Court's decision to sentence Stefek at the low end of the guidelines range accounts for sentencing disparities among similarly situated defendants. There is nothing in the record to suggest that this sentence, which is at the bottom of the advisory guidelines range, is unreasonable. *Cf. United States v. Cooper*, 437 F.3d 324, 331 (3d Cir. 2006) (explaining that "it is less likely that a within-guidelines sentence, as opposed to an outside-guidelines sentence, will be unreasonable"), *abrogated on other grounds by Gall v. United States*, 552 U.S. 38, 51 (2007).

## IV. CONCLUSION

For the reasons set forth above, we will affirm the judgment of the District Court.